UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

GADEMA K. QUOQUOI,

                Plaintiff,

       - against -

NEW YORK CITY DEPARTMENT OF
EDUCATION, MAYOR BLOOMBERG, NEW
YORK CITY PARK DEPARTMENT, VERIZON
COMMUNICATIONS, NEW YORK STATE
GOVERNOR, NEW YORK STATE
DEPARTMENT OF SOCIAL SERVICES, and
NEW YORK STATE OFFICE OF GENERAL
SERVICES,

                Defendants.

-----------------------------------------------------------X

**ORDER**
11-CV-4792 (RRM)(JMA)

ROSLYNN R. MAUSKOPF, United States District Judge.

       *Pro se* plaintiff Gadema K. Quoquoi commenced this action on August 15, 2011 in the

Supreme Court of the State of New York, County of Queens, against the New York City

Department of Education, Mayor Michael Bloomberg, New York City Park Department

(collectively, "City defendants"), Verizon Wireless Communications ("Verizon"), the New York

State Governor, the New York State Department of Social Services, the New York State Office

of General Services (collectively, "State defendants"), and the U.S. Department of Justice,

alleging numerous grievances, primarily that state and municipal entities have conspired to

murder plaintiff and deny contracts to plaintiff's companies based on his race. (Notice of

Removal (Doc. No. 1).) On October 3, 2011, the Department of Justice removed the case to

federal court, and was subsequently dismissed from the action pursuant to stipulation. (*See* Doc.

No. 14.) Verizon and City defendants each filed a motion to dismiss. (Doc. Nos. 8, 9, 20, 23.)

State defendants filed a motion to remand or, in the alternative, to dismiss. (Doc. No. 16.)

Plaintiff moved to remand this case, but later indicated that the case should be kept in federal court.  (Doc Nos. 12, 24–26.)  The motions were referred to Magistrate Judge Joan M. Azrack for a Report and Recommendation.  (Order dated Jan. 9, 2012 Referring Motions 9, 16, 20, and 23.)  On February 27, 2012, Judge Azrack issued a Report and Recommendation (the "R&R") (Doc. No. 35) recommending:

> (1) that plaintiff's claims against State defendants be remanded to state court; (2) that plaintiff's claims against Verizon be dismissed as frivolous; (3) that plaintiff's claims against City defendants be dismissed for failure to state a claim upon which relief can be granted; and (4) that plaintiff not be given leave to amend his complaint.

(R&R at 15.)  Judge Azrack reminded the parties that any objection to the R&R was due within fourteen days of receipt, under Rule 72 of the Federal Rules of Civil Procedure.  (*Id.*)

On April 2, 2012, plaintiff filed objections to the R&R.[1]  (Doc. No. 40.)  All defendants filed oppositions to plaintiff's objections, in which they urged this court to adopt the recommendations of Magistrate Judge Azrack.  (*See* Doc. Nos. 42 – 46.)  On April 23, 2012, plaintiff filed an additional response entitled "motion to dismiss defendants' motion to adopt Judge Azrack's report."  (Doc. No. 47.)  Neither document contains any challenge to the substantive contents of the R&R.  Instead, plaintiff's responses merely repeat allegations from his original complaint, with a few irrelevant additions.

---

[1] Though untimely, plaintiff's objections were accepted by the court because of the unusual procedural history of this matter as follows. On March 23, 2012, plaintiff appeared in the Clerk's Office and spoke with a *pro se* writ clerk. He informed the clerk that although he ordinarily receives court orders promptly, he did not receive the R&R with sufficient time to file objections. He apparently further indicated his intention to file an application for an extension of time to file objections. Also on March 23, Quoquoi filed both a notice of interlocutory appeal with the Second Circuit Court of Appeals (Doc. No. 38), and in this Court, a motion for leave to appeal *in forma pauperis* (Doc. No. 39). It appears that the documents on which he filed his notice of interlocutory appeal were erroneously given to Quoquoi by the Clerk's Office. Those appeal documents also incorrectly indicate that Quoquoi had suffered an adverse judgment in this action when, in fact, only an R&R had issued.  As such, by Order dated April 3, 2012 (Doc. No. 41), this court deemed timely plaintiff's April 2 objections (Doc. No. 40), and suggested that plaintiff consider withdrawing his interlocutory appeal as premature.

"[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).  Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed Magistrate Judge Azrack's thorough and well-reasoned R&R for clear error and, finding none, concurs with the R&R in its entirety.  *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).  Accordingly, the R&R is adopted in its entirety.

## CONCLUSION

For the reasons set forth in this Memorandum and Order, defendants' motions are GRANTED as follows.  Plaintiff's claims against State defendants are REMANDED to the Supreme Court of the State of New York, County of Queens.  Plaintiff's claims against Verizon and the City defendants are DISMISSED with prejudice.  The Clerk of Court is respectfully directed to enter judgment in favor of Verizon and the City defendants, and remand the claims against the State defendants to state court.  The Clerk of Court is further directed to mail a copy of this Order to plaintiff, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      June 25, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge